IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,

        **Plaintiff,**

v.

        Case No. 21-CR-285-JFH

**HEATH GENE WATKINS,**

        **Defendant.**

## OPINION AND ORDER

Before the Court is a Motion to Approve Disclosure of Presentence Investigation Report ("Motion") filed by Defendant Heath Gene Watkins ("Defendant"). Dkt. No. 51. Defendant's Motion asks the Court to approve the disclosure of his Presentence Investigation Report ("PSR") for use in a pending state civil suit. *Id*. at 1. For the following reasons, Defendant's Motion [Dkt. No. 51] is DENIED.

## BACKGROUND

### I.  The Federal Criminal Matter

On August 10, 2021, Defendant was charged by indictment with two counts: (1) Assault with a Dangerous Weapon with Intent to do Bodily Harm in Indian Country, in violation of 18 U.S.C. §§ 113(a)(3), 1151, and 1153; and (2) Assault Resulting in Serious Bodily Injury in Indian Country, in violation of 18 U.S.C. §§ 113(a)(6), 1151, and 1153. Dkt. No. 2. On December 21, 2021, Defendant entered a plea of guilty to Count Two of the indictment. Dkt. No. 44. A draft PSR was filed on January 10, 2023.[1] Dkt. No. 50. A sentencing hearing has not yet been set.

---

[1] Consistent with Local Rules, the draft PSR is filed as a restricted document and is only accessible to counsel for the Government, counsel for Defendant, the United States Probation Office, and court staff. *See* E.D. Okla. Crim. R. 32.1(A).

## II.     The State Civil Matter

Defendant is also a defendant in a state civil suit currently pending in Carter County District Court.[2] Dkt. No. 51 at 1.  The parties in the civil suit are currently engaged in discovery.  On October 3, 2022, a hearing was held in the state court case on the plaintiff's motion to compel discovery responses.  Dkt. No. 51-1.  During that hearing, the state court judge ordered Defendant to produce a copy of the PSR to the plaintiff, or otherwise file notice of his efforts to obtain the PSR for disclosure, within thirty (30) days of the entry of the order.  *Id.*  The parties also entered into an amended agreed protective order, which purports to protect the confidentiality of documents produced in discovery.  Dkt. No. 51-2.  Defendant now seeks the Court's approval to disclose the PSR under the agreed protective order and as ordered by the state court judge.  Dkt. No. 51.

## AUTHORITY AND ANALYSIS

The PSR is a confidential document which generally may not be released to third parties. *See* Guide to Judiciary Pol'y, Vol. 8, § 630(a);  *see also United States v. Wayne*, 591 F.3d 1326, 1334 n.7 (10th Cir. 2010) (citing Fed. R. Crim. P. 32(c)(1)(A), (e)(2) (authorizing release of the PSR to the court, the defendant, the defendant's attorney, and the government's attorney));  *see also* E.D. Okla. Crim. R. 32.1(C) ("The Presentence Report is a confidential document. Presentence Reports may not be disseminated beyond members of the prosecution or defense team and court staff.").  However, the Tenth Circuit has recognized that confidentiality of the PSR is not absolute and disclosure may be appropriate where necessary "to serve the interests of justice." *Wayne*, 591 F.3d at 1334 n.7 (citing *United States v. McKnight*, 771 F.2d 388, 391 (8th Cir.1985) (requiring a showing that the disclosure of the PSR would "serve the interests of justice"); *United*

---

[2] *Fuller v. Watkins*, CJ-2021-162 (Carter Cnty. Dist. Ct., Okla.).

*States v. Alexander*, 860 F.2d 508, 514 (2d Cir.1988) (requiring "a showing of compelling need"); *United States v. Schlette*, 842 F.2d 1574, 1579 (9th Cir.1988) (requiring a showing that the disclosure of the PSR "is necessary to serve the ends of justice")).

It is within the sentencing judge's discretion whether to permit the disclosure of the PSR. *Cook v. Willingham*, 400 F.3d 885 (10th Cir. 1968); *see also* Guide to Judiciary Pol'y, Vol. 8, § 630(c)-(d). In making this determination, the Court should balance the policy considerations of confidentiality against the demonstrated need for disclosure. *See United States v. Iqbal*, 684 F.3d 507, 510-11 (5th Cir. 2012). Generally, there are two concerns regarding the release of PSRs to third parties: (1) "the fear that disclosure of the reports will have a chilling effect on the willingness of various individuals to contribute information that will be incorporated into the report" and (2) "the need to protect the confidentiality of the information contained in the report." *United States Dep't of Just. v. Julian*, 486 U.S. 1, 12 (1988). "Accordingly, the courts have typically required some showing of special need before they will allow a third party to obtain a copy of a presentence report." *Id*. (internal citations omitted). This is especially true in the case of an unsentenced defendant. *See* Guide to Judiciary Pol'y, Vol. 8, at § 630(e) (instructing that "[d]isclosure of information on unsentenced defendants should be avoided except to prevent harm to the defendant or others"). As a general rule, "[i]nvestigative or prosecutorial use of the [PSR] is incompatible with its purpose." *Id*. at § 630(c).

Defendant has not shown that there is a special need for the disclosure of the PSR, or that the disclosure is necessary to prevent harm to himself or others. While the underlying need for disclosure of the PSR is not explicitly set forth in Defendant's Motion, a review of the state court docket sheet makes clear that plaintiff intends to use the information contained in the PSR to prosecute its civil case against Defendant. *See* Plaintiff's Mot. to Compel Discovery Responses,

3

*Fuller v. Watkins*, CJ-2021-162 (Carter Cnty. Dist. Ct., Okla.). This "need" is plainly incompatible with the purpose of the PSR. Nothing in Defendant's Motion, the state court's order, or otherwise indicates that the disclosure of the PSR is necessary here to serve the interests of justice.

Additionally, this type of disclosure would undoubtedly have a chilling effect on the willingness of individuals to provide information for use in the PSR. Specifically, if defendants believed that information provided for the PSR could later be used against them in other litigation, they would be much less likely to provide such information. The PSR "is made for the use of the sentencing court" and "the court relies heavily on the PSR to impose a just sentence." *Cook*, 400 F.3d at 885; *Iqbal*, 684 F.3d at 510. Disclosure which would hamper or otherwise interfere with the sentencing process cannot be permitted. For these reasons, Defendant's Motion [Dkt. No. 51] must be denied.

## CONCLUSION

IT IS THEREFORE ORDERED that Defendant Heath Gene Watkins' Motion to Approve Disclosure of Presentence Investigation Report [Dkt. No. 51] is DENIED.

IT IS FURTHER ORDERED that Defendant Heath Gene Watkins' Presentence Investigation Report remain confidential and not be disseminated beyond Defendant, Defendant's attorney, the Government's attorney, and court staff in accordance with Fed. R. Crim. P. 32(c)(1)(A), (e)(2) and E.D. Okla. Crim. R. 32.1(C).

DATED this 27th of January 2023.

JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE